Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Blue Gold Equities LLC, *et al.*, | Case No.: 18-_____ (____) |
| Debtors.[1] | Joint Administration Requested |

**DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 105(a), 363(b), AND 503(b) REQUESTING AUTHORITY
TO PAY PRE-PETITION SALES TAX AND PACA VENDOR CLAIMS**

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895) and Seasons Corporate LLC (2266) (collectively the "Debtors"). The mailing address for the Debtors, solely for purposes of notices and communications, is: 5 Doughty Boulevard, Inwood, NY 11096.

Blue Gold Equities LLC and its affiliates, as Debtors and Debtors in Possession (collectively, "**Debtors**"), by their attorneys, Zeichner Ellman & Krause LLP submit this motion (the "**Motion**") for an Order pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b) Requesting Authority to fully pay amounts owed pre-petition for (i) sales tax and (ii) vendors operating under the Perishable Agricultural Commodities Act ("PACA") (collectively, the "Tax and PACA Claims").

## PRELIMINARY STATEMENT

The Debtors operate a chain of kosher supermarkets in New York, New Jersey, Maryland and Ohio under the "Seasons" name. The Debtors require the relief sought herein to ensure that no Sales Tax or PACA Claimants discontinue service or otherwise seek to exercise remedies against the Debtors, which would have a disastrous effect on the Debtors and their businesses.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Eastern District of New York dated August 28, 1986, as amended by Order dated December 5, 2012 (Craig, C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicate for the relief requested herein is Section 366 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

A.  **The Bankruptcy Case**

5.  On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under the Bankruptcy Code.

6.  The Debtors continue to be in possession of their assets and to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.  As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases.

8.  Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Joel Getzler in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

## RELIEF REQUESTED [2]

A.     **The Tax and PACA Claims**

9.     The Debtors are obligated for pre-petition amounts owed for Sales Tax (approximately $125,000) and PACA Vendor Claims (approximately $470,000). Funds received by the Debtors for these claims are trust funds and are not included in property of the Debtors' estates. Efforts by these claimants to collect on their trust fund claims hwould provide obvious distractions to the Debtors and efforts by their officers and directors to maximize the value of the estates. The payments are vital for the Debtor's continued operations and must be paid immediately to these parties. Therefore, the Debtors request authorization to pay the pre-petition sales tax obligation in the approximate amount of $125,000 and the pre-petition PACA Vendor claims in the approximately amount of $470,000.

B.     **Bank Authorization**

10.     The Debtors also request that the Court authorize and direct all banks and other financial institutions (each, a "**Bank**" and collectively, "**Banks**") on which checks are drawn or electronic funds are transferred with respect to the Tax and PACA Claims to receive, process, honor, and pay, to the extent of funds on deposit, any and all such checks or electronic transfers, whether such checks or transfers were issued

---

[2]   Capitalized terms used but not defined in this prayer for relief shall have the meaning ascribed to them in the balance of this motion.

before or after the Petition Date, upon the receipt by each Bank of notice of authorization without further order of the Court.

11. By this Motion, pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, the Debtors seek discretionary authority to make payment of the Tax and PACA Claims in the exercise of their sound business judgment. The proposed form of order approving the relief requested herein is annexed hereto as **Exhibit "A"** (the "**Order**").

## BASIS FOR RELIEF REQUESTED

12. The Debtors submit that the relief requested is reasonable and necessary under the circumstances, is justified by applicable law and required for the Debtors to successfully reorganize.

**A.    Payment of the Tax and PACA Claims Comports with the Debtors' Business Judgment and is Authorized Under Sections 363(b) and 105(a) of the Bankruptcy Code**

13. Section 363(b)(1) of the Bankruptcy Code provides that, after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a). A Bankruptcy Court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a

novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Under Section 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177).

14. Federal courts have consistently permitted post-petition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. Courts in this jurisdiction have granted similar critical vendor relief in other bankruptcy cases. *See, e.g., In re Interfaith Medical Center, Inc.*, Case No. 12-48226 (CEC); *In re Global Aviation Holdings Inc.*, et al., Case No. 12-40783 (CEC) (Bankr. E.D.N.Y. Mar. 8, 2012); *In re The Brown Publishing Co.*, Case No. 10-73295 (DTE) (Bankr. E.D.N.Y. May 27, 2010); *In re The Brooklyn Hospital Center and Caledonian Health Center, Inc.*, Case No. 05-26990 (CEC) (Bankr. E.D.N.Y. Nov. 3, 2005.

15. The doctrine of necessity functions in a chapter 11 case as a mechanism by which the Bankruptcy Court can exercise its equitable power to facilitate a successful reorganization by allowing payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (recognizing that "[c]ertain pre-petition claims by employees and trade creditors . . . may need to be paid post-petition to facilitate a successful reorganization").

16. The doctrine is frequently invoked early in a chapter 11 case. The Court in *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988), indicated its accord with "the principle that a Bankruptcy Court may exercise its equity

powers under section 105(a) to authorize payment of prepetition claims where such payment is necessary to permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately." The Court stated that "a *per se* rule proscribing the payment of prepetition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code." *Id.* at 932. The rationale for the doctrine of necessity rule is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere Clubs*, 98 B.R. at 176.

17. Tax and PACA Claims are obligations that are required to be collected from third parties for payment to the taxing and regulatory authorities. *See, e.g., DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 432, 433-34 (2d Cir. 1985) (sales tax required by state law to be collected by sellers from their customers is trust fund tax); *Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1051 (3d Cir. 1993) (refunds required to be collected by federal law created trust fund that was not property of debtor's estate); *Shank v. Wash. State Dep't of Revenue (In re Shank)*, 792 F.2d 829, 830 (9th Cir. 1986) (same).

18. The funds that would be used to pay the Taxes are not property of the Debtors' estates within the meaning of section 541 of the Bankruptcy Code. *See Begier v. I.R.S.*, 496 U.S. 53, 55-67 (1990) (taxes such as excise taxes, FICA taxes and withholding taxes are property held by debtor in trust for another and, as such, do not constitute property

of estate); *In re Al Copeland Enters., Inc.*, 133 B.R. 837, 842 (Bankr. W.D. Tex. 1991) (debtor obligated to pay sales taxes plus interest), *aff'd*, 991 F.2d 233 (5th Cir. 1993).

19. PACA trust funds also are not property of the estate. *In re Monterey House Inc.*, 71 B.R. 244, 248 (Bankr. S.D. Tex. 1986) and if not paid may also be entitled to pre and post-petition interest, as well as attorneys' fees. *Id.; see also, Tom Lange Co. v. Kornblum & Co. (In re Kornblum & Co.)*, 177 B.R. 187, 193 (S.D.N.Y. 1995).

20. Based on this authority, payment of the Tax and PACA Claims is appropriate and necessary.

B. **Applicable Banks Should Be Directed to Honor and Process Checks and Transfers Related to the Tax and PACA Claims**

21. In furtherance of the relief requested herein, the Debtors request that the Court authorize and direct their banks to receive, honor, process, and pay, to the extent of funds on deposit, any and all checks or electronic transfers requested or to be requested by the Debtors relating to the Tax and PACA Claims, including those checks or electronic transfers that have not cleared the Banks as of the Petition Date, without the need for further Court approval.

22. The Debtors also seek authority to replace any prepetition checks or electronic transfers relating to the Tax and PACA Claims that may be dishonored or rejected. Each of the checks or electronic transfers can be readily identified as relating

directly to the authorized payment of the Tax and PACA Claims. The Debtors believe that prepetition checks and electronic transfers, other than those for the Tax and PACA Claims, or those authorized by another order of the Court, may dishonored inadvertently. The Debtors also request that the Banks be authorized and directed to rely on the representations of the Debtors as to which checks and electronic transfers are in payment of the Tax and PACA Claims.

### C.  Deemed Compliance and/or Waiver with Applicable Bankruptcy Rules

#### 1.  The Requested Relief Satisfies Bankruptcy Rule 6003

23.  Bankruptcy Rule 6003 provides that, except to the extent the relief requested is necessary to avoid immediate and irreparable harm to the debtor's estate, the court shall not, within 21 days after the filing of the petition, grant relief regarding a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition. As detailed above and as set forth in the First Day Declaration, the Debtors submit that such relief is necessary to avoid immediate and irreparable harm to the Debtors and their estates and, accordingly, submit that Bankruptcy Rule 6003 is satisfied.

#### 2.  Waiver of Bankruptcy Rules 6004(a) and (h)

24.  Unless the Court orders otherwise, Bankruptcy Rule 6004(a) requires the Debtors to provide 21-days-notice to all creditors and certain other parties in interest of the use of property outside the ordinary course of business. Moreover, unless

the Court orders otherwise, Bankruptcy Rule 6004(h) automatically stays for 14 days any order granting such relief. As described above and in the First Day Declaration, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors that would otherwise be caused by a delay in the relief requested herein.

25. Accordingly, the Debtors request that the Court waive (i) the notice requirements under Bankruptcy Rule 6004(a) and (ii) the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### NOTICE

26. Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) the United States Attorney for the Eastern District of New York; (iii) the parties included on the Debtors' consolidated list of thirty (30) largest creditors; (iv) all Secured Creditors, (v) all other parties required to receive service under Rules 2002-2 of the Local Bankruptcy Rules for the Eastern District of New York and the Guidelines for First Day Motions adopted by the Board of Judges for the United States Bankruptcy Court for the Eastern District of New York. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

27. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 16, 2018
       New York, New York

**ZEICHNER ELLMAN & KRAUSE LLP**

*/s/Nathan Schwed*
Nathan Schwed
Peter Janovsky
Robert Guttmann
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 2230400
Facsimile: (212) 753-0396

*Proposed Counsel to the Debtors and Debtors in Possession*

**EXHIBIT A**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Blue Gold Equities LLC, *et al.*,<br><br>        Debtors.[1] | Chapter 11<br><br>Case No.:   18-_____ (___)<br><br>Joint Administration Requested |

## ORDER GRANTING DEBTORS' MOTION REQUESTING AUTHORITY TO PAY SALES TAX AND PACA VENDOR CLAIMS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), to fully pay pre-petition amounts owed for (i) sales tax and (ii) vendors operating under the Perishable Agricultural Commodities Act ("PACA") (collectively, the "Tax and PACA Claims"); all as more fully set forth in the Motion; and upon the Declaration of Joel Getzler (the "First Day Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Amended Standing Order of Reference" of the United States District Court for the Eastern District of New York dated August 28, 1986, as amended by Order dated December 5, 2012 (Craig, C.J.); and the Court having

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895) and Seasons Corporate LLC (2266) (collectively the "Debtors"). The mailing address for the Debtors, solely for purposes of notices and communications, is: 5 Doughty Boulevard, Inwood, NY 11096.

[2] Capitalized terms used in this Order and not defined have the meanings given to such terms in the Motion or in the First Day Declaration as applicable.

the power to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"), and having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed to pay prepetition claims (the "Tax and PACA Claims") for Sales Tax for approximately $125,00,0 and PACA Vendors for approximately $470,000.

3. Any party that accepts payment from the Debtors on account of a Sales Tax or PACA Claim shall be deemed to have agreed to the terms and provisions of this Order.

4.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense or other priority claim; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of any party in interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

5.  Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims.

6.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds

are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8. Notwithstanding the relief granted in this Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any post-petition debtor-in-possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith (in either case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

10.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September __, 2018
            _____, New York

                                        _____
                                        HONORABLE _____
                                        UNITED STATES BANKRUPTCY JUDGE

981880