**Hearing Date:  October 11, 2018**
**Hearing Time: 1:30 p.m.**

Nathan Schwed, Esq.
Peter Janovsky, Esq.
Robert Guttmann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone:(212) 223-0400
Facsimile: (212) 753-0396

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SEASONS CORPORATE LLC, *et al.*, | Case No.:   18-45284 (NHL) |
| Debtors.[1] | Jointly Administered |

**DEBTORS' OBJECTION TO EMERGENCY MOTION BY**
**CERTAIN PACA CREDITORS FOR IMMEDIATE ALLOWANCE**
**AND PAYMENT OF PACA CLAIMS**

---

[1]     The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Blue Gold Equities LLC (7766), Central Avenue Market LLC (7961), Amsterdam Avenue Market LLC (7988), Wilmot Road Market LLC (8020), Seasons Express Inwood LLC (1703), Seasons Lakewood LLC (0295), Seasons Maryland LLC (1895), Seasons Clifton LLC (3331), Seasons Cleveland LLC (7367), Lawrence Supermarket LLC (8258), Upper West Side Supermarket LLC (8895) and Seasons Corporate LLC (2266) (collectively the "Debtors").  The mailing address for the Debtors, solely for purposes of notices and communications, is: 5 Doughty Boulevard, Inwood, NY 11096.

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

   Seasons Corporate LLC and its affiliates, as debtors and debtors in Possession (collectively, "**Debtors**"), by their proposed attorneys, Zeichner Ellman & Krause LLP, submit this Objection to the Motion for Immediate Allowance and Payment of PACA Trust Claims (the "Motion") of A & J Produce Corp. ("A&J"), MTF Apple, Inc. t/a/ First Choice Food Distributors ("First Choice"), Fierman Produce Exchange Inc. ("Fierman"), S. Katzman Produce Inc. ("Katzman"), Katzman Berry Corp. ("Katzman Berry"), Top Banana LLC ("Top Banana") and J. Margiotta Company, LLC ("Margiotta") and the Declaration of Leonard Kreinces supporting the Motion on behalf of D'Arriago Bros. Co. of New York, Inc. ("D'Arriago"), Coosemans New York, Inc. ("Coosemans"), and Rubin Bros. Produce Corp. ("Rubin") (A&J, First Choice, Fierman, Katzman, Katzman Berry, Top Banana, Margiotta, D'Arriago, Coosemans and Rubin, collectively, the "PACA Creditors").

   1. As acknowledged by the PACA Creditors, at the hearing on October 5, 2018, "the Court informed Debtors' counsel that they would need to address the super-priority claims of PACA Trust Creditors," Motion, ¶ 10. There was no time requirement placed on this "need to address." The only time-sensitive requirement imposed by the Court was to "insert a reservation of rights into the proposed interim DIP-Cash Collateral Order" (the "Proposed DIP Order") to be submitted this week. *Id.*

2.      The Debtors complied with the Court's instructions and inserted an express reservation (the "Reservation") into the Proposed DIP Order:

> The Debtors, the Lender, the Committee, and all parties claiming rights under the Perishable Agricultural Commodities Act ("PACA"), reserve their rights as to all matters under PACA.

The Debtors circulated the Proposed DIP Order, *inter alia*, to counsel to the PACA Creditors.  The PACA Creditors responded with a marked up Proposed DIP Order going well beyond the instructions of the Court at the October 5, 2018 Hearing, and asking the Debtors and DIP Lender SKNY essentially to acknowledge PACA Claims before they had been determined. The Debtors and SKNY informed PACA counsel nothing beyond the Reservation was required.

3.      Also at the October 5, 2018 hearing, the Court and counsel to certain PACA Creditors discussed the usual procedures for determining PACA Claims through a claim filing/objections process. But the PACA Creditors seek to determine rights and amounts before this process can be undertaken.

4.      PACA claimants must first establish a trust before they can assert claims thereunder.  To the extent the Debtors' post-petition funds are the proceeds of a DIP Loan, the PACA claimants may be unable to establish their trust claims. The mere attachment of invoices is insufficient, especially at this early stage of the bankruptcy and subject to these time constraints.

5.      The Debtors complied with the Court's October 5 direction to protect the PACA Creditors through a reservation of rights. The PACA Creditors seek to go far beyond the Court's mandate and afford themselves rights before proper inquiry can be made.

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion and grant the Debtors such other and further relief as it deems just and proper.

Dated:  October 10, 2018
          New York, New York

Respectfully submitted,

**ZEICHNER ELLMAN & KRAUSE LLP**

*/s/Nathan Schwed*
Nathan Schwed
Peter Janovsky
Robert Guttmann
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 2230400
Facsimile: (212) 753-0396

*Proposed Counsel to the Debtors and Debtors in Possession*

985195v2